**HUAI ZHEN BAO, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General,[1] Respondent.**

No. 03–41039–ag.

United States Court of Appeals, Second Circuit.

Oct. 27, 2008.

Thomas V. Massucci, New York, NY, for Petitioner.

Michael J. Garcia, United States Attorney for the Southern District of New York; Sue Chen, Special Assistant United States Attorney; David S. Jones, Assistant United States Attorney, New York, NY, for Respondent.

PRESENT: ROSEMARY S. POOLER, ROBERT A. KATZMANN and RICHARD C. WESLEY, Circuit Judges.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

## SUMMARY ORDER

Huai Zhen Bao, a native and citizen of the People's Republic of China, seeks review of a November 19, 2003 order of the BIA, affirming the May 20, 2002 decision of Immigration Judge ("IJ") Douglas B. Schoppert, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Huai Zhen Bao,* No. A95 161 937 (B.I.A. Nov. 19, 2003), *aff'g* No. A95 161 937 (Immig. Ct. N.Y. City May 20, 2002). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the conclusions of the IJ and upholds the IJ's adverse credibility finding, but does so for reasons other than those cited in the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA, provided that the BIA's supplemental findings do not extend beyond the scope of its review under 8 C.F.R. § 1003.1(d)(3)(i), (iv). *See Xian Tuan Ye v. DHS,* 446 F.3d 289, 293, 296 (2d Cir.2006). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

The IJ denied Bao's application on the basis of adverse credibility. To sustain an adverse credibility finding, we must find that it "was supported by substantial evidence and based on specific, cogent reasons bearing a legitimate nexus to the determination." *Belortaja v. Gonzales,* 484 F.3d 619, 626 (2d Cir.2007). An IJ may rely on inconsistencies in the record to support an adverse credibility finding, *Tu Lin v. Gonzales,* 446 F.3d 395, 402 (2d Cir.2006), but "[i]nconsistencies of less than substantial importance for which a plausible explanation is offered cannot form the sole basis for an adverse credibility finding." *Secaida–Rosales v. INS,* 331 F.3d 297, 308 (2d Cir.2003) (internal quotation marks omitted); *see also Diallo v. INS,* 232 F.3d 279, 288 (2d Cir.2000).[2] Because the IJ based the adverse credibility finding on statements that were not inconsistent or that were minor inconsistencies, and did not account for Bao's explanations of those statements, we find that the adverse credibility finding was not supported by the record.

The IJ relied on three inconsistencies in making the adverse credibility finding: (1) Bao's statement in her asylum application that she resigned after pressure from her employer for her violation of the family planning policy and her testimony that she was fired for violating the family planning policy; (2) the suggestion in Bao's June 2001 medical record that she told her doctor in the United States not to mention the abortion to her husband, when she testified that her husband knew about the abortion; and (3) the statement in Bao's 1999 household register that she was working at a "privately owned business" and her testimony that she was fired in 1998. The IJ's finding of an inconsistency between the household register and Bao's testimony was not supported by the record and was based on a speculative conclusion

---

**2.** In *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir.2008), we recognized that the Real ID Act abrogated in part our holding in *Secaida–Rosales* for cases filed after May 11, 2005, the effective date of the act. *Id.* As Bao's application was filed before the effective date of the Real ID Act, *Secaida–Rosales* is applicable in this case.

regarding the contents of household registers in China. There was also a lack of support in the record for finding it inconsistent to ask a medical doctor not to discuss one's abortion with their husband to avoid shame, yet to personally tell your husband about an abortion as Bao testified that she did. Any inconsistency in Bao's statements were minor and isolated. *Diallo*, 232 F.3d at 288. Whether Bao resigned or was fired for having an abortion, for example, does not undermine "the heart of the asylum claim" that she was forced to have an abortion, even if it raises isolated questions regarding the conclusion of her employment at the textile factory in China. *See Secaida–Rosales*, 331 F.3d at 309 (internal quotation marks omitted).

The IJ also failed to explicitly address Bao's explanations for the purported inconsistencies. *Zhi Wei Pang v. Bureau of Citizenship & Immigration Servs.*, 448 F.3d 102, 109 (2d Cir.2006) ("Although the IJ is not required to credit [an applicant's] explanation, the IJ is required to present specific, cogent reasons for rejecting it"); *Secaida–Rosales*, 331 F.3d at 307 (when the decision "rises and falls purely on an IJ's credibility finding, courts have been particularly concerned that the decision-maker carefully detail the reasoning leading to the adverse finding"). Here, the IJ either did not specifically address Bao's explanations, or did not provide specific reasons for discounting those explanations. In the oral decision, the IJ did not mention Bao's explanation of translator error for the first purported inconsistency. While the IJ mentioned Bao's explanation that she did not want to cause shame to her husband with respect to the second purported inconsistency, the IJ said nothing further about it. The IJ's reliance on inconsistencies, without consideration of Bao's explanations, cannot support an adverse credibility finding. *Cao He Lin*, 428 F.3d at 403; *Diallo v. Gonzales*, 445 F.3d 624, 629 (2d Cir.2006) ("[A] petition for review may be granted in the face of an adverse credibility decision by the IJ when she fails to engage or evaluate an asylum applicant's explanations for apparent inconsistencies in the record.") (internal quotation marks omitted). We simply cannot know whether the IJ gave appropriate consideration to these explanations. *See Tian–Yong Chen v. INS*, 359 F.3d 121, 127 (2d Cir.2004) (a remand is appropriate when an IJ "omit[s] potentially significant facts" such that "we are unable adequately to consider whether substantial evidence support[ed] the BIA's determination").

Additionally, in supplementing the IJ's finding that Bao was not credible, the BIA relied on her submission of an abortion certificate that she claimed to have received following her allegedly forced abortion. We have previously considered a U.S. Department of State report indicating that such certificates are issued only for voluntary abortions as support of adverse credibility. *See Xiao Xing Ni v. Gonzales*, 494 F.3d 260, 263 (2d Cir.2007) (citing *Tu Lin*, 446 F.3d at 400). Absent evidence of additional inconsistencies lacking plausible explanations, however, we have not found that a U.S. Department of State report is alone sufficient to sustain an adverse credibility finding. *See id.* Under these circumstances, it is appropriate for the IJ to evaluate the weight of this evidence on remand.

Accordingly, we vacate the agency's denial of Bao's application for asylum and withholding of removal and remand for further proceedings. Finally, Bao has waived any challenge to the agency's decision insofar as it denied her application for relief based on the birth of her U.S. citizen child. *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, we **GRANT** the petition for review, **VACATE** the decision of the BIA, and **REMAND** the case for further proceedings. Any pending motion for a stay of removal in this petition is **DISMISSED** as moot. Any pending request for oral argument in this petition is **DENIED** in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).